UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRACY PETERS,

    Petitioner,

v.                                  Case No. 5:13cv353/WS/CJK

N.C. ENGLISH,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate currently residing at Federal Correctional Institution Marianna ("FCI Marianna"), is serving a sentence imposed by the United States District Court for the Eastern District of Wisconsin ("Eastern District of Wisconsin") in *United States v. Peters*, Case Number 1:05cr253/WCG-1. On July 21, 2006, petitioner was sentenced to 324 months imprisonment after being convicted of one count of second degree murder pursuant to 18 U.S.C. §§ 1111 and 1153. (Eastern

District of Wisconsin Case No. 1:05cr253, doc. 48). Relevant to the instant petition, the court required petitioner to make restitution and pay certain criminal monetary penalties. (Eastern District of Wisconsin Case No. 1:05cr253, doc. 48, p. 6). Petitioner was "to pay any balance of the restitution at a rate of not less than 25% of prison income, if any." (Eastern District of Wisconsin Case No. 1:05cr253, doc. 48, p. 6).

In this habeas action, petitioner challenges the United States Bureau of Prison's ("BOP") assessment and collection of money from his account because it is "higher than ordered by the sentencing courts." (Doc. 1, p. 3). According to petitioner, "[t]he B.O.P. does not have the jurisdiction or authority to set payment schedules absent court order or in conflict with court order." (Doc. 1, p. 3). Petitioner thus claims that BOP's actions have violated his due process rights. (Doc. 1, p. 3).

## DISCUSSION

As an initial matter, the government argues that petitioner has not exhausted his administrative remedies. (Doc. 9). Petitioner has replied that he did submit the necessary documents needed to exhaust his administrative remedies but never received a response. (Doc. 11). Because of the factual dispute concerning whether petitioner properly exhausted his administrative remedies, the court finds that the best approach is to resolve the petition on the merits.

"When an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. The Inmate Financial Responsibility Program ("IFRP") was created as a way to assist inmates in repayment of their financial obligations. 28 C.F.R. § 545.10. The IFRP is a voluntary program, but an inmate does face a variety of consequences if he chooses not to participate. *See* 28 C.F.R.

§ 545.11(d). Here, petitioner chose to voluntarily participate in the program. (Doc. 9-2, p. 18). Petitioner is employed at the prison factory UNICOR at a grade of four. (Doc. 9-1, p. 2). According to the IFRP program statement, as a grade four employee of Unicor, petitioner "will be expected to allot not less than 50% of [his] monthly pay to the payment process." (Docs. 9-1; 9-2, p. 9). Petitioner may terminate his participation in the program without court order by placing himself on "Refuse" status. According to Connie Copeland, a correctional counselor at FCI Marianna, plaintiff has not placed himself on "Refuse" status. (Doc. 9-1).

The Eastern District of Wisconsin ordered petitioner to "pay any balance of the restitution at a rate of not less than 25% of prison income, if any." (Eastern District of Wisconsin Case No. 1:05cr253, doc. 48, p. 6). Petitioner is tasked under the IFRP with paying no less than 50% of his prison income to the payment process. The Eastern District of Wisconsin order and the BOP payment requirement thus do not conflict. Moreover, petitioner can freely remove himself from the IFRP if he sees fit. After review of petitioner's claims, therefore, the court cannot discern a due process violation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED WITH PREJUDICE.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of September, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:13cv353/WS/CJK*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).